**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § | |
| **v.** § | **CRIMINAL NO. 4:16-CR-20-SDJ-CAN** |
| § § | |
| **JAMES EDWARD HATTEN** § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on December 30, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Ernest Gonzalez.

On October 30, 2017, Defendant was sentenced by the Honorable Marcia Crone, United States District Judge, to a sentence of fifty-two (52) months imprisonment and three (3) year term of supervised release for Bank Robbery.

On December 13, 2019, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 61). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant must live at a place approved by the probation officer, and if he plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the probation officer at least 10 days before the change, and if notifying the probation officer in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change; and (2) Defendant must reside in a residential reentry center

1

or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and must observe the rules of that facility, and should he obtain a residence approved by the probation officer during the 180-day placement, he must be released.

The Petition asserts that Defendant violated these conditions because:

(1) Defendant was instructed to report to a Residential Reentry Center (RRC), County Rehabilitation Center, in Tyler, TX, on December 12, 2019, to commence his 180-day placement, however, he failed to report to the RRC as directed, and the U.S. Probation Officer attempted to contact Defendant via his mobile phone, but he did not answer, and he failed to notify the U.S. Probation Officer of his current residential status; and (2) Defendant was instructed to report to report to the Residential Reentry Center (RRC), County Rehabilitation Center, in Tyler, TX, on December 12, 2019, to commence his court-ordered 180-day placement, because of his status of being homeless, but Defendant failed to report to the RRC as directed.

At the hearing, Defendant entered a plea of true to violation of allegations one and two (1–2). Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the December 30, 2019, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of sixty (60) days, with two (2) years supervised release to follow, subject to the conditions previously stated and entered on the record. The Court further recommends that Defendant be ordered to serve the first sixty (60) days

of supervised release in a halfway house but is not to serve more than one-hundred eighty (180) days in a halfway house.

**So ORDERED and SIGNED this 24th day of January, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE